J-S18028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| NORMAN WILLIAMS JR. | : | |
| | : | |
| Appellant | : | No. 422 MDA 2019 |

Appeal from the PCRA Order Entered February 15, 2019
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0001173-2004

BEFORE:   KUNSELMAN, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.:                                    **FILED JUNE 18, 2020**

Appellant, Norman Williams, Jr., appeals *pro se* from the order entered in the Dauphin County Court of Common Pleas, which denied his serial petition pursuant to the Post-Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In a prior appeal, this Court set forth the relevant facts and procedural history of this case as follows:

> On February 16, 2004, Appellant was charged with second-degree murder and criminal conspiracy.  … On January 10, 2005, following a jury trial, Appellant was found guilty on both charges.  On February 28, 2005, the trial court sentenced Appellant to a term of life imprisonment without the possibility of parole on the second-degree murder conviction and a concurrent term of 12 to 24 years' incarceration for conspiracy.  This Court affirmed Appellant's judgment of sentence [on March 15, 2006], and our

_____

[*] Former Justice specially assigned to the Superior Court.

Supreme Court denied his petition for allowance of appeal [on September 26, 2006]. *See Commonwealth v. Williams*, 898 A.2d 1136 (Pa.Super. 2006) (unpublished memorandum), *appeal denied*, [589 Pa. 721, 907 A.2d 1102 (2006)].

Appellant filed a *pro se* PCRA petition on January 10, 2007. The PCRA court appointed counsel, who filed an amended PCRA petition on April 3, 2007. Appointed counsel filed a motion to withdraw on July 23, 2007. The PCRA court granted counsel's motion and issued notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. On August 24, 2007, the PCRA court dismissed Appellant's petition and Appellant filed a notice of appeal on September 27, 2007. On July 17, 2009, this Court remanded the matter to determine whether Appellant had filed a timely notice of appeal from the denial of PCRA relief. *See Commonwealth v. Williams*, 981 A.2d 939 (Pa.Super. 2009) (unpublished memorandum). On September 2, 2009, the PCRA court concluded that Appellant had filed a timely appeal from the dismissal of his PCRA petition. Nevertheless, on November 9, 2009, this Court vacated the [order denying PCRA relief and the order granting counsel's motion to withdraw,] and remanded the matter, determining that counsel failed to satisfy the technical prerequisites of *Turner/Finley*,[1] and thus the PCRA court erred by granting counsel's request to withdraw. *See Commonwealth v. Williams*, 988 A.2d 732 (Pa.Super. 2009) (unpublished memorandum).

Upon remand, Appellant filed a *pro se* motion for leave to amend his original PCRA petition. On December 9, 2010, the PCRA court appointed new counsel and granted Appellant leave to amend his PCRA petition. Appellant filed a counseled, supplemental PCRA petition on July 7, 2011. On August 2, 2011, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. However, during the ensuing year, the PCRA court did not act. Appellant filed [another, separate] *pro se* PCRA petition on August 27, 2012, and [a] *pro se*

---

[1] *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

*praecipe* for entry of judgment on November 29, 2013. On February 4, 2014, the PCRA court entered two separate orders dismissing Appellant's counseled PCRA petition [of July 7, 2011] and his *pro se* petition [of August 27, 2012. The court also denied Appellant's *pro se praecipe* for entry of judgment as moot.]

Appellant filed a timely notice of appeal. ***See Commonwealth v. Williams***, 2015 WL 6666284, at *2 (Pa.Super. 2015) [(unpublished memorandum)]. On September 4, 2015, this Court remanded the matter[, retained panel jurisdiction,] and directed the PCRA court to appoint new counsel with instructions to review Appellant's [July 7, 2011] petition and either file an advocate's brief or an application to withdraw and a "no-merit" letter[ which notifies Appellant of the petition to withdraw and advises Appellant of his appellate rights.[2]] ***Id.*** On September 9, 2015, the [PCRA] court appointed new counsel, who subsequently filed a motion to withdraw for medical reasons, which the PCRA court granted on March 30, 2016. The PCRA court again appointed new counsel [on March 30, 2016.]

***Commonwealth v. Williams***, 2017 WL 3910236, at *1-2 (Pa.Super. 2017) (unpublished memorandum), *appeal denied*, 646 Pa. 24, 183 A.3d 351 (2018) (some internal citations and footnotes omitted).

On June 29, 2016, newly-appointed counsel filed another petition in the PCRA court, reiterating the same claims raised in the prior July 7, 2011 supplemental petition. At Appellant's request, counsel filed an amended

---

[2] Specifically, this Court decided Appellant's *pro se* August 27, 2012 petition was a legal nullity because Appellant was still represented by counsel at the time he filed it. With respect to the counseled July 7, 2011 petition, however, this Court said counsel took no action on Appellant's behalf aside from filing the July 7, 2011 petition. Thus, this Court decided PCRA counsel, who was still of record, had essentially abandoned Appellant on appeal.

- 3 -

supplemental PCRA petition on July 28, 2016, raising additional allegations.

On November 18, 2016, the PCRA court issued an order stating that counsel's June 29, 2016 and July 28, 2016 filings did not comport with the directives of the Superior Court's September 4, 2015 remand decision. In its order, the PCRA court cited this Court's remand decision, and instructed counsel to: "(1) review [Appellant's] counseled, supplemental PCRA petition that was filed on July 7, 2011, and dismissed by the court on February 4, 2014; and (2) file either an advocate's brief (appellate brief pertaining to the 2/4/14 dismissal of [Appellant's] 7/7/11 PCRA Petition) or an application to withdraw and a "no-merit" letter consistent with the dictates of **Turner/Finley**, including a letter, which notifies [Appellant] of the petition to withdraw and advises him of his appeal rights." (PCRA Court Order, dated November 18, 2016, at 2 unpaginated).

Counsel subsequently filed an advocate's brief with this Court, raising the same issues originally presented in the July 7, 2011 counseled, supplemental PCRA petition. On September 7, 2017, this Court affirmed the denial of Appellant's first PCRA petition, and our Supreme Court denied allowance of appeal on April 2, 2018.

Appellant filed the current *pro se* serial PCRA petition on January 31, 2019. On February 15, 2019, the PCRA court denied Appellant's petition as untimely. Appellant timely filed a *pro se* notice of appeal on February 28, 2019. On March 12, 2019, the court ordered Appellant to file a concise

statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b);

Appellant timely complied on March 21, 2019.

Appellant raises the following issues for our review:

> WHETHER THE PCRA COURT COMMITTED LEGAL ERROR IN FAILING TO ISSUE PRE-DISMISSAL NOTICE PURSUANT TO PENNSYLVANIA RULE OF CRIMINAL PROCEDURE 907(A), PRIOR TO DISMISSING…APPELLANT'S [CURRENT] PCRA PETITION, IN ORDER TO ALLOW…APPELLANT OPPORTUNITY TO SEEK LEAVE TO AMEND HIS [CURRENT] PCRA PETITION…?
>
> WHETHER THE PCRA COURT COMMITTED LEGAL ERROR IN FAILING TO FIND THAT…APPELLANT'S GOVERNMENTAL INTERFERENCE CLAIM WAS TIMELY AND COLORABLE, WHERE…APPELLANT PROVIDED CLEAR AND CONVINCING EVIDENCE THAT THE [PCRA] COURT IN HIS INITIAL PCRA PROCEEDING FAILED TO [DISPOSE OF] CERTAIN APPELLATE CLAIMS…APPELLANT SOUGHT TO HAVE PRESERVED AND RULED UPON FOR EXHAUSTION LATER IN A FEDERAL *HABEAS CORPUS* PROCEEDING, AND FURTHER THAT PCRA COUNSEL RENDERED INEFFECTIVE [ASSISTANCE] FOR FAILING TO ADDRESS THIS ISSUE ON COLLATERAL REVIEW WITH THE SUPERIOR AND SUPREME COURTS OF PENNSYLVANIA?
>
> WHETHER THE PCRA COMMITTED LEGAL ERROR IN FINDING THAT…APPELLANT'S [CURRENT] PCRA PETITION WAS UNTIMELY FILED PURSUANT TO THE AMENDMENTS OF 42. PA.C.S.[A. §] 9545(B)(2) *VIA* (SENATE BILL 915)?

(Appellant's Brief at iii).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. ***Commonwealth v. H. Ford***, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA

J-S18028-20

court if the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. J. Ford***, 44 A.3d 1190 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. ***Commonwealth v. Wah***, 42 A.3d 335 (Pa.Super. 2012).

In his issues combined, Appellant argues the PCRA court erred in dismissing his current PCRA petition as untimely, where the court committed "governmental interference" in 2016, following this Court's September 4, 2015 remand decision. Specifically, Appellant alleges the PCRA court improperly limited counsel to reviewing Appellant's July 7, 2011 PCRA petition rather than allowing counsel to raise additional claims in the PCRA court. Appellant further argues that counsel (who was appointed on March 30, 2016) was ineffective for failing to petition this Court to issue instructions to the PCRA court expressly permitting her to file an amended petition on Appellant's behalf raising claims in addition to those presented in the July 7, 2011 PCRA petition. As well, Appellant insists the PCRA court improperly denied his current petition without issuing Rule 907 notice. Appellant concludes this Court should vacate the order denying PCRA relief and remand for further appropriate proceedings.

- 6 -

We disagree.

As a preliminary matter, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Generally, to obtain merits review of a PCRA petition filed more than one year after the sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting a timeliness exception must also file a petition within the relevant statutory window. 42

Pa.C.S.A. § 9545(b)(2).

"The proper question with respect to [s]ubsection 9545(b)(1)(i)'s timeliness exception is whether the government interfered with Appellant's ability to present his claim and whether Appellant was duly diligent in seeking the facts on which his claims are based." *Commonwealth v. Chimenti*, 218 A.3d 963, 975 (Pa.Super. 2019), *appeal denied*, ___ A.3d ___, 2020 WL 1862083 (Pa. April 14, 2020) (internal citation omitted). In other words, an appellant is required to show that he would have filed his claim sooner, if not for the interference of a government actor. *Commonwealth v. Staton*, 646 Pa. 284, 184 A.3d 949 (2018).

Instantly, this Court affirmed Appellant's judgment of sentence on March 15, 2006, and our Supreme Court denied Appellant's petition for an allowance of appeal on September 26, 2006. Appellant sought no further review, so his judgment of sentence became final on or about December 25, 2006, following expiration of the 90-days to file a petition for writ of *certiorari* with the U.S. Supreme Court. *See* U.S.Sup.Ct. Rule 13. Appellant filed his current PCRA petition on January 31, 2019, which is patently untimely.

To resolve his timeliness problem, Appellant attempts to invoke the governmental interference exception to the PCRA time-bar. Specifically, Appellant claims the PCRA court committed "governmental interference" in 2016, following this Court's September 4, 2015 remand decision, when it precluded counsel from filing an amended petition in the PCRA court raising

new claims. Appellant suggests the PCRA court misinterpreted this Court's remand decision by limiting the scope of counsel's review.

Nevertheless, this Court's September 4, 2015 remand decision, which retained panel jurisdiction, explicitly stated: "[W]e direct the PCRA court to appoint new counsel and within 60 days of the date of the filing of this memorandum, counsel is to (1) review [Appellant's] counseled, supplemental PCRA petition that was filed on July 7, 2011, and dismissed by the court on February 4, 2014; and (2) file either an advocate's brief or an application to withdraw and a "no-merit" letter consistent with the dictates of **Turner/Finley**, including a letter, which notifies [Appellant] of the petition to withdraw and advises him of his appeal rights." **Commonwealth v. Williams**, 2015 WL 6666284, at *4 (Pa.Super. 2015) (unpublished memorandum).

Thus, contrary to Appellant's assertion, this Court's remand decision did not anticipate further filings in the PCRA court. Rather, this Court limited counsel to reviewing Appellant's July 7, 2011 petition for the purpose of filing either an advocate's brief or **Turner/Finley** brief **on appeal**, because prior PCRA counsel had essentially abandoned Appellant for the appeal. The PCRA court's adherence to this Court's remand instructions does not constitute "governmental interference." **See** 42 Pa.C.S.A. § 9545(b)(1)(i).

Additionally, Appellant's related claim of counsel's ineffectiveness does not satisfy the governmental interference exception to the PCRA time-bar.

*See Commonwealth v. Pursell*, 561 Pa. 214, 749 A.2d 911 (2000) (explaining claims relating to ineffectiveness of counsel for failing to raise certain issues do not qualify for "governmental interference" exception to PCRA time-bar, as term "governmental officials" does not include defense counsel). Thus, Appellant's current petition remains time-barred, and the PCRA court lacked jurisdiction to review it.[3] *See Zeigler, supra*. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/18/2020

---

[3] Based on our disposition, Appellant's challenge to the court's failure to issue Rule 907 notice merits no relief. *See Commonwealth v. Taylor*, 65 A.3d 462 (Pa.Super. 2013) (explaining that where PCRA petition is untimely, court's failure to issue Rule 907 notice is not reversible error).